at all. On behalf of the Appellant, Mr. Scott Gibson. On behalf of the Appellant, Mr. Anthony Rooks-Rababa. Both sides ready to proceed? Yes. Then you may proceed, counsel, when you're ready. Thank you. Scott Gibson on behalf of the plaintiff's estate, Gary Smith. Judges, we are here as the Appellant plaintiff to request the reversal of the trial court's granting of motion for summary judgment and also to consider the granting of the plaintiff's motion for summary judgment. As you know from the briefs, Darius Smith was a 17-year-old young man who tragically drowned in the apartment complex swimming pool owned by the defendants. The trial court found, and it's helpful that we have a transcript of the trial court's ruling, that there was no question in the record that there was negligence and that there was a violation of the multiple safety statutes, the public safety statutes, for the state of Illinois regarding premises owners who choose to have pools and invite people to use them. So the trial court, we believe, properly found that negligence happened by the defendant and the omission in not having lifeguards at this particular pool. We propose that the trial court err in its final analysis in finding on a very narrow ruling, it's very clear in the ruling, the trial court made its decision based upon a finding that there was no duty to minor 17-year-old Darius Smith because he was 17 and not under the age of 16. The trial court also made it very clear in her ruling that the basis of that ruling was the Burkett case, different spelling for the justice obviously, which I'll talk about in a few minutes and be happy to answer any questions the panel might have. I don't want to belabor the court, but it can't be overemphasized the importance of the statutes that are at issue here. The Illinois Swimming Facility Act, I won't read the whole thing, but just a couple lines. The purpose of this act is to protect, promote, and preserve the public health, safety, and general welfare by providing for the establishment and enforcement of minimum, minimum standards for safety for all swimming pools. And ongoing, the Illinois Swimming Pool and Bathing Beach Code Act, it states that lifeguards shall, a mandatory shall, which was the intent of the legislature, shall provide at all pools when persons under the age of 16 are present, without supervision by a parent, a guardian, or a responsible person, then lifeguards must be present. To put to rest one of the defendant's arguments that was made at the trial court in the brief, the statute requires, a pool owner can do whatever they want, there's nothing wrong with having children under the age of 16 coming to your pool, but if you choose to do that, you must provide a lifeguard. That's your one choice. The other choice is to prohibit 16-year-olds from coming to the pool without a parent, guardian, or responsible adult. In that case, if you do that, and do it properly, you have a right to post certain warning signs. No question, it's a red herring by the defense, there's no question the signs were posted. But that does not alleviate their duty in this case, allow children under the age of 16 to use the pool without the proper supervision. How would you respond to the argument that the defendant made in the trial court that we're making here, that the regulation of the statute was intended to protect persons under 16 years of age? Correct. That seems to be an overarching argument. How do you make that argument as to whether or not Darius is in the class of persons that the Act intended to protect? And the answer, Your Honor, is this, that I would agree with the defense and the trial court in its analysis if the trigger was only Darius. There's no question Darius was 17. There's no question that if he alone was swimming in that pool, the statute requiring lifeguards would not apply. But in this particular case, Darius didn't trigger the requirement for lifeguards. What triggered the requirement for lifeguards was the defendant's actions and omissions over years, months, weeks, days, up to the very day that Darius tragically drowned, of allowing 16-year-olds to come into the pool and use the pool without the supervision. So are you claiming that the defendant's had a duty under the common law or under the Act or under the Code to provide a lifeguard? Because doesn't Code say lifeguards shall be provided at all wave pools and waterslides and then go on to talk about other situations? Correct. I don't think under the common law they do, Your Honor. I believe under this particular statute, it's very clear that it does when it allows under 16-year-olds to use the pool. They have to have lifeguards. Doesn't it go on to say that if there's no lifeguard, then there has to be appropriate signage? Well, in the other swimming pool, in each code act, section 820.300, it states that you can do one or the other. You can either have signage if you don't let the kids in. If you let the kids in, you have to have lifeguards. The signage does not alleviate or obviate the need for lifeguards is, I think, very clear in the statute and is the plaintiff's position. But to answer Justice Hudson's question a little more thoroughly, the trigger, as I say, was not Darius. And what's really unique about these statutes and about the safety, remember, it's a public safety statute. There's no question that the public policy in the state of Illinois in this particular statute is public safety. That once you have a requirement of lifeguards, which is different than other situations with security and safety, then the lifeguard requirements and responsibilities kick in. Not just under the Illinois Swimming Pool and Bathing Beach Code Act, but by our case law and by our common law. Once you have a lifeguard, the lifeguard has a nondelegable duty, and the trial court found that. She included it in her recitation of her order. I agree. If the lifeguards are required, there was a nondelegable duty for that lifeguard to act for anybody in distress. We don't make the difference if the person is an infant, 15, 16, 17, 20, or 85. So the breach of duty was not providing the lifeguards because they were required to because they had customarily guarded up to that very day because we know on that day there were six children between the ages of 5 and 15 who had no lifeguard, had no guardian, and had no supervision. That once the lifeguards were required, a lifeguard should have been there. Darius was in distress. He would have been saved. He wouldn't be drowned, and the negligence of the defendant wouldn't have existed, and none of us would be here. Counsel, what about the statute, the part of the statute that allows the owners of a pool, except for wave pools and water slides, to post a notice? Correct. And it appears such a notice was posted here relative to persons under 16. What's your response to that? Well, the response is section 820.300. They have a requirement to post notice, no question about we're not arguing about that. But we also go, as the court stated in a previous argument this morning, we also have to look at the more specific part of the statute which would control over a general statute. And the specific part in section 820.300 states that lifeguards shall be present when children under the age of 16 are allowed in and not without a parent, guardian, or a proper adult. So that's the... So you're saying you could own a pool and post a notice every time you own a pool if someone under 16 could go in there, you'd have to have a lifeguard? Well, keep in mind this does not apply to private pool, in other words, my backyard pool. Right. No, but if it's a commercial pool, a public pool or a commercial pool for, you know, a condominium apartment or whatever. How about hotels? Virtually every hotel, you can go into Doubletree, Red Roof Inn, there's never a lifeguard on duty and those hotels have their doors open to their... People are staying there, to their guests, they post a sign, but there's never a lifeguard on duty. But young children go in those pools all the time, by tenant, by adult. So they're all breaking the law and if one of them was injured or, in this case, the tragic occurrence, they'd be liable. Yes, Judge, it's interesting you bring that up because I was not brought up with the trial court and I searched the appellate record and I actually searched everywhere I could to see if I could find any cases about that. I could not find any. But you know from common experience, that's the case. In hundreds, thousands of pools across Illinois, there's no lifeguard on duty, but there is a properly posted signage, which is the common interpretation of this act. If you're not going to have a lifeguard, you better have appropriate signage. And, Your Honor, my answer is that I do not see any exception for hotels or resorts. So based upon at least the... They're all lumped in. Correct. In those public pool definitions. And under Section 320.300, I think they're all liable. They're all in violation. Correct. So posted signs, it requires not only that you post signs, your theory, but also that there's someone there, some person who is making a determination that this person is over the age of 16 or if under, you're with parent, guardian, sibling who is over the age, I think it was of 18. Correct. Under our statute, which again, the legislature puts in minimum standards. This is not, at least in the legislature's wisdom, it's not a big burden. They're saying the minimum standard is, you can do it one of two ways. If you want children under the age of 16 to come to your pool, for instance, Justice Burkett's hypothetical, if you could have a sign or you could have some guard that says, all right, you're staying at the pool. Are you the father? You want to bring your five-year-old? Come on in. If the five-year-old comes in by himself, can't come in, that would be in compliance with the statute. If they allow the five-year-old to come in without his father, then they have to have a lifeguard. So let me ask you, whether or not your position is correct, and obviously the textbook will have to decide who you agree with you. But just give me an example. Practically speaking, how will this be able to be carried out? You're saying that if some children under 16 show up at the pool, I mean, you have to have somebody there who's checking obviously, A, the age of the minor, and B, whether or not they have a parent present who could supervise them. Now typically, as we probably all know, most children 12, 13 don't carry identification around with them. So how do you know how old they really are? And how do you know if people going in and out is, just as per KJ's example, whether the parent or guardians are there? How does it practically matter? Could this really be done at a busy pool with dozens of people? Well, one of the answers is, look at this particular case. As you know from the record, Cinnamon Lake Towers had an enclosure around the pool. They had a fence. They had a locked gate that they unlocked. And they had a pool attendant. They had a system in place. They were just negligent. They had a system in place which had a check-in system, as you will remember from the record. The pool attendant required them to show an ID that they were a resident of the apartment complex, that they obviously were a proper resident, they had to sign in, and they had to identify their children who were with them if they were in fact, you know, an adult. Where they failed was, to answer your question, is they just let anybody in. But arguably, could that be the reason for this signage requirement? Legislature recognizing, you know, that maybe you have a resort where hundreds of people going in and out at all times. It's not really realistic to expect somebody to monitor everybody. Well, I A tragic accident like this could happen. Well, I would, I go back to the statute. All I can say is what the statute says. It's very clear. Regarding your argument concerning the statute, how do you reconcile your position that the code is, that it's intended to protect individuals over 16 with Gallup versus Novotny? Gallup Where the fact that the plaintiff did not meet the definition of handicapped under the Facilities for Handicapped Act was the basis for the appellate court's refusal to take this as a standard of care. Yes, Judge, that was a 1984 case. In that particular case, they stated that because they didn't have ADA, I don't know if it was a ramp or something that was necessary, and this person who was not a handicapped person got hurt, was not covered. In that particular case, that would be a specific physical event, whether it be a ramp or railings or whatever it would have to be, that would be specifically for a handicapped entrance exit ability to enter a particular building. That would be specific for the handicapped people. In this particular case, and a non-handicapped person would not be covered. In this particular case, what's very unique about the statute and what's unique about swimming pools and the need for requirements of lifeguards is that the legislature has said, and specifically in swimming pool cases, in a minimum standard, remember this legislature said in its wisdom, this is not a burden on businesses or landowners, that they have to have, they can do one of two things. You don't have to have lifeguards, but you have to have some system of safety at a commercial type pool, not to allow minors just to be able to come in and out without some supervision by a guardian parent or a responsible person. You're resting your position completely on the statute and regulation, not on the common law? Yes, Your Honor, because I don't think there's, I wish I could, but I don't think there's any common law basis with all, you know, as an officer of the court that I can present to you that I could argue that positively. I think the statute is really what places the duty on the defendant and provides minimum requirements for the defendant that we're not complied with in this case. And I think you've said this already, there's no factual dispute here either way? No, and you know, the facts are very, very clear. There's absolutely no dispute. The this was, and also there was no, there was no argument, there was no notice to the defendant. Defendant admitted they've been doing this for years. How about the policies of the apartment complex? The policies are in the record, Judge. They had a, what, a two-page document called pool regulations that they posted and gave every resident, and that's all marked as an exhibit that's in the record. And that included recitation specifically to Section 820.300 and specifically to the Illinois Swimming Facility Act and stated that they had to be in compliance with these acts. And yet they never hired a lifeguard because they felt they were in compliance with the act? Whatever the thought process was, they thought they were covered by placing signs and having a lifeguard with a shirt that says something to the effect, I'm not a lifeguard. And I said, they took a number of steps that were appropriate. They fenced in their area, they had a person there to check people in. But then they failed in enforcing what was required under the statute. Regarding your position, for you to prevail, we would have to find, would we not, as a matter of law, that regardless of the fact that your client, or the deceased in this case, was over age 16, that despite that, they still owed a duty of care, otherwise you lose, correct? Correct. The duty of care was triggered once the lifeguards were acquired. Once the lifeguards were acquired, anybody who's in distress in that pool, no matter their age, they have to be saved. We'll have a chance for reply. Thank you. Thank you, Your Honor. Counsel, you wish to proceed? I plead the court. Counsel? My name is Anthony Retrovato and I represent Ludwig & Company and Cinnamon Lake Associates LP. And as Justice Burkett, your last question really cuts to the heart of the case, and that is whether or not Darius falls within the scope of the protected class of persons as outlined in Section 820 of the Bathing Beach Code. And he clearly does not. And the cases, if we take a step back and we look at the cases interpreting whether or not a person is entitled to impose liability for the violation of a public safety ordinance or code or statute, there are essentially three or four things that need to be, three or four elements that need to be met. First, the statute needs to be one. The statute, or in this case, a code or regulation, needs to be one dealing with the safety of public or individuals in the public, which this one does. Second, the injury complained of has to be one that was contemplated by the drafters of the code or the statute, which it's quite clear that in drafting this code, the intent was, in discussing lifeguards, was to preserve life of individuals that were using the pools, especially individuals that were under 16 years of age. And then the third, well, that last part of my answer there, the third goes to the third element, and the third element is, is whether or not the individual that's complaining of harm is a person that's considered under the protected class of individuals under the statute or the code. And here Darius, because he was the age of the majority, he was two years above the minimum age, which is 15, he does not fall within the protected class of individuals under Section 820. Counsel? Yes, Your Honor. How would you respond to this argument that recognizing the code, the complex obviously had somebody there who was ostensibly monitoring who was coming and going from the pool and what their activities were, correct? Yes, Your Honor. What about the argument, well, because the complex did that, they voluntarily undertook a duty that maybe they didn't have under the statute to supervise and by not, and they negligently carried out their duty because they voluntarily undertook to monitor the activities in the pool. What about that argument? Well, number one, the facts are clear that we did not voluntarily assume a duty to provide a lifeguard. What about the argument, granted that there was somebody supervising who essentially stood in the relationship of a lifeguard? Well, there was someone there to allow people into the pool, to encourage them to shower before they got into the pool, and to make sure that no one brought glass or was running around on the pool deck. What about roughhousing around the pool? Weren't they ostensibly controlling that as well? Well, ostensibly, yes, the pool attendant could speak up and ask them to stop horseplaying around on the pool deck, but if those are our own rules, then there's plenty of cases in my brief that I cite that saying that an entity's violation, I guess, if this is considered a violation of our own rules, does not impose a duty upon that particular party, a legal question. Can one entity or individual assume a duty that they have no obligation under the statute to assume, and thereby have an obligation to be free from negligence in carrying out their duty? Okay, in answer to your question, Your Honor, when a party undertakes a voluntary assumption of a duty that the law does not require the party to do, then that voluntary assumption of that duty is strictly limited to what we voluntarily assume to do. And in this case, if we voluntarily assume to have someone to tell everyone to take a shower before they got into the pool, or if we check for their badges before they went into the pool area, that's what we voluntarily assume to do, but there's nowhere in the record that we voluntarily assumed to provide bathers with a lifeguard. So our voluntary assumption of a duty doesn't go far enough to the point to where we created a duty to have a lifeguard. Even if that was a theory, it was not borne out by the facts, sir. Well, yeah, well, I think Mr. Gibson acknowledges that we didn't have a lifeguard there, we never intended to have a lifeguard there, we never had a lifeguard there in the past. Actually, I take issue with a lot of the conclusory statements that Mr. Gibson said. The trial court never found that we were negligent, or there's no facts in the record that establishes that we had a long policy of letting children in under 16 years of age without a responsible 16-year-old accompanying them. There's nothing in the record that established that we had years of that, and we never admitted to that. Let me ask this question. I don't want you to run out of time, but do you read the Act to require lifeguards if you do allow children under 16, regardless of whether or not you have a sign? No, I read the Act as being if you don't have a lifeguard present, whether it's a pool at a condominium or any other pool, any other pool, the minimal requirements are the signage requirements at the end of the code. If you don't have a lifeguard, then you have to have the minimum signage requirements, which are clearly established in the record in this case. In this case, for example, in the Washington Gillick or Gullick cases, which are in my brief, those cases deal with whether or not a plaintiff falls within a protected class of individuals. In the appellant's brief, they say that it would be ludicrous that if we had a lifeguard there for purposes of saving someone that was 15 and under, it would be ludicrous to not have that lifeguard owe the same duty to a person 16 years or older. But let's look at it in the context of Washington or in the Gullick cases. In Washington, the court found that violations of the city fire code and the state fire code precluded a fireman from seeking or from asserting a negligence theory because the fireman was not under the protected class of individuals that those ordinances were designed to protect. So in the Washington case, the fireman was trying to put out a fire that started at a gas station and then the car blew up. Well, in that case, the fireman doesn't fall under, he's not a protected individual under those ordinances. But if there was a private citizen standing right next to that car and that car blew up, that private citizen could invoke those ordinances. So, and the same thing with the Gullick case where the 67-year-old plaintiff who was not a handicapped individual who fell down the stairs, if she was walking down the stairs at the very same time with an individual who would be considered handicapped under the same thing would apply. There would be no duty for her because she was not a handicapped individual, she didn't fall under the protected class of persons, but if she was with a handicapped individual that fell down the stairs at the same time, then the defendant would have owed the handicapped individual a duty because the handicapped individual was a protected class, falls within the protected class. I think the Blankenship and the Trotter decisions are right on point. They're right on point. They talk about who is a minor and who is an adult within the context of this section. And actually, they even defeat Plankton's argument that because there were other kids in the pool that were underage, that we should have had a lifeguard there and that lifeguard should have saved Darius. Because in Blankenship, Blankenship was a woman involved, the decedent was a woman who was, of course, over the age of 17 years old and she was swimming in a public pool with three lifeguards that were present and at some point in time when there was a ten minute time out where all the kids had to actually get out of the pool and there was only one lifeguard stationed there, somehow she hit her head and she drowned. But despite that, the court still held that under the code because she did not fall within the protected class of persons as delineated under Section 820, she was not entitled to seek liability under this section of the code. So what about if you're under the protected class of persons, the examples that we talked about earlier, so unlike your opponent, you would apparently agree that the resorts, the hotels, they have pools with kids running in and out, as long as there's signage, they have no obligation to provide a lifeguard, is that correct? Yeah, the signage, I guess in theory, would be for the parents of the minor children to pay attention to. So it's signage alone, you just agree with counsel that if you have the signage up, that's the end of the discussion, you don't need signage plus someone who monitors whether or not persons coming into the pool area are over or under the age of 16? Correct. With or without, you know, with or without the area. Correct, because counsel concedes that there's no common law duty. So if there's any duty imposed, it's trying to seek a duty imposed under Section 820. So because he's seeking to impose a tort duty that's an abrogation of the common law, the code or the statute applicable needs to be very, very strictly interpreted and nothing else should be read into it. And there's no section, there's no part of this talking about enforcement. This code does not put, does not talk about the owner of the pool having to have someone there to enforce these provisions. So if we take, if we take your question, Your Honor, one step further, logically, we would be reading into this code something that doesn't exist. And that would be that the code, we would be reading into the code that it is the pool owner's responsibility to appoint someone to enforce these provisions, but it doesn't say that. So going back, also, I don't think there's anything in the record that shows that there were children that were 15 and under that were present without a parent, guardian, or responsible 16-year-old. The facts do not establish that. And counsel does not point anywhere in the brief as to factually these, he argued that there were six children in the pool at the time. By all accounts, by reading the testimony of the pool attendant, Rachel, and the testimony of Coral, there was Darius there who was 17, there was Coral there that was 17, there was Antonio there that was 16. They were all considered adults under this section of the code. And then we had Oliver. Oliver was there with his responsible person being Coral. Coral took him to the pool. Oliver testified he was, Oliver testified that he was never, he never went to that pool without his sister or without his father. That's in direct contradiction to what the appellant is arguing, that for years and months we've been allowing people, children into this pool without responsible adults with them. It's not borne out in the record. But in any event, there's also Katie. Katie was with Coral, who's 17. And then, and then we might have, we may or might not have had Rachel's two children in the pool also. It's not clear whether Rachel's children were with her in the pool enclosure at the time that Darius drowned. Coral's testimony is most direct on this. And Coral, Coral says that the only people that were in the pool were Darius, herself, and Antonio, all 16 years of age and older, and Oliver, who she was responsible with, and Katie, who was five, who she was responsible for also. So there's no, there's no testimony establishing that there were, that there were a number of, under a number of children in this pool that were not without adult supervision. So I ask, I ask the Court to affirm the motion for summary judgment because, because he's not, he does not fall, Darius did not fall within the protective class as delineated by Section 820, that there was no duty to provide with a lifeguard. And thank you very much. You wish to reply? Yes, Your Honor, thank you. To address a couple of the points, counsel spent some time arguing that there was no enforcement provision in the statute. That's simply wrong, and that it was somehow not clear as to what the legislature intended. It couldn't be clearer. Lifeguards shall be provided. And I guess I keep reemphasizing the same thing, and I won't read the whole litany. The Court is well aware of it. It shall be provided. It's a shall statute. I think he was referring to whether or not there's anything in the statute that requires the pool owner to have an attendant to ensure that there's no one under the age of 16. I agree. The legislature doesn't say how you're supposed to administer this law. No question. Most statutes don't. That's up to the landowner to do it appropriately and not negligently. But the statute also states where counsel just argued a couple of different things. Number one, that there's not enough evidence in the record to show that there were minors under the age of 16 in the pool. First of all, the statute says pool enclosure. Pool enclosure, which was the enclosure of the whole Fentston area. There's no question. The record shows the people that I've identified in my brief were in the pool enclosure. They don't have to specifically be in the water at the time the dairy is drowned. So that's a red herring as an argument. Secondly, it talks about, again, the statute requires the shall language when people are present. And how the landowner wishes to administer the law is up to it. In this case, as I said, they did have a pool attendant. They had a check-in system. They just didn't do it right. In the brief couple of minutes that I have left, I'd also like to address the blanket ship argument. Sixteen-year-old case, as I put in my brief, this court, the second district recently in the last two years in Lawson, looked at a duty case that has the same issue. As you may remember, it was a McDonald's case where in that particular matter there wasn't a statute. But as Honorable Judge Hudson stated, there was a voluntary undertaking requiring safety in the terms of lighting and security for its McDonald's restaurant stores. The purpose of it, the stated purpose of the premise as landowner, was to provide safety for employees of McDonald's restaurants. In that particular case, a non-employee was attacked and hurt. The trial court said, you're not a protected class because you're not an employee. This court reversed and stated no. Once you take the voluntary undertaking in that case to provide the safety through security, then you fail to do so. Regardless of who was harmed, you are still liable in tort to a particular injured individual. It's exactly what we have here, though we don't have a voluntary undertaking. And the trial court found, as you may remember in a recitation of the order, she did not believe that the evidence rose to a level of voluntary undertaking. But under the statute, we have the obligation and duty of the defendant, again, to provide the lifeguards under this particular fact situation. What about the specific language and the policies? The policies of the apartment complex, the pool, were not to allow children under 16 in the pool unless they were accompanied by an adult. That was their policy. Correct. So they did not fit within the definition of a pool that allows children under 16 in an enclosure. Correct? No, but that's the point. Their policy was absolutely consistent with the statute, and then they failed to enforce their policy because they allowed all these children in. I mean, all those children were in. For instance, Darius was there. Darius was not supposed to be there. He wasn't a resident of the apartment complex, as the record showed. His sister was in her apartment. By their rules, he wasn't even supposed to be in the pool because anybody in the pool who was a guest had to be there with the resident. And there were multiple violations. That's not relevant to the issues. You said in your opening comments that you were not relying on violations of their policy or simply relying upon violations of the code. If I said that, I misspoke. What I meant to say is the violation of the code is, I think, unmovable. In this particular case, the defendant, in their pool regulations, identified the code that they will be following the code. So as far as that goes, yes, they would be in violation of their own policies and procedures because those are exactly consistent and actually incorporate, by reference, the statute. And so in closing, under the Lawson analysis, which I think arguably, and this is done by this Court within the last two years, puts to rest the Blankenship analysis. Blankenship didn't analyze the statute that we have today. They didn't really even analyze the statute that existed there. They were talking about a whole adult situation under a voluntary undertaking that had nothing to do with this statute. And I believe under Lawson, this would be the most current statement of the law by this Court, and therefore I respectfully request that you reverse the trial court and consider granting summary judgment on behalf of the plaintiff or the alternative to return this all to the trial court for trial on all issues. Thank you very much. Thank you, Your Honor.